IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        *Plaintiff,*

    v.

STATE OF ILLINOIS, *et al.*

        *Defendants.*

No. 3:25-cv-1691-DWD

**PLAINTIFF'S REPLY IN
SUPPORT OF ITS CROSS-MOTION FOR
SUMMARY JUDGMENT ON ALL CLAIMS**

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................1

ARGUMENT .........................................................................................................................1

    I.       The Challenged Illinois Laws Violate 8 U.S.C. § 1623 ......................................1

    II.     Section 1623 Is A Constitutionally Valid Preemption Provision ........................3

        A.   Section 1623 confers benefits and restrictions on private parties .....................4

        B.   Section 1623 does not issue direct orders to the states ....................................7

    III.    The Requested Injunction Is Proper....................................................................8

CONCLUSION.....................................................................................................................10

i

## TABLE OF AUTHORITIES

**Cases**

*Anatol Zukerman & Charles Krause Reporting, LLC v. USPS,*
  220 F. Supp. 3d 27 (D.D.C. 2016) ........................................................................... 7

*Arizona v. United States*,
  567 U.S. 387 (2012) .................................................................................................. 3

*Bostock v. Clayton County*,
  590 U.S. 644 (2020) .................................................................................................. 6

*Cincinnati Ins. Co. v. E. Atl. Ins. Co.*,
  260 F.3d 742 (7th Cir. 2001) ................................................................................... 8

*Dersch Energies, Inc. v. Shell Oil Co.*,
  314 F.3d 846 (7th Cir. 2002) ................................................................................... 7

*Dubin v. United States*,
  599 U.S. 110 (2023) .................................................................................................. 6

*Eli Lilly & Co. v. Arla Foods, Inc.*,
  893 F.3d 375 (7th Cir. 2018) ................................................................................... 9

*Fed'n of Advert. Indus. Representatives, Inc. v. City of Chi.*,
  326 F.3d 924 (7th Cir. 2003) ................................................................................... 9

*Groff v. DeJoy*,
  600 U.S. 447 (2023) .................................................................................................. 6

*Haaland v. Brackeen*,
  599 U.S. 255 (2023) .................................................................................................. 7

*Kothapally v. DHS*,
  2025 U.S. Dist. LEXIS 193243 (N.D. Ala. Sept. 30. 2025) ..................................... 6

*Murphy v. NCAA*,
  584 U.S 453 (2018) ............................................................................................... 7, 8

*Narambatla v. DHS*,
  770 F. Supp. 3d 1264 (W.D. Wash. 2025) ............................................................... 5

*New York v. United States Dep't of Justice*,
  951 F.3d 84 (2d Cir. 2020) ....................................................................................... 5

*New York v. United States*,
  505 U.S. 144 (1992) .................................................................................................. 7

*NLRB v. Express Pub. Co.*,
  312 U.S. 426 (1941)................................................................................................... 9

*Oklahoma v. Castro-Huerta*,
  597 U.S. 629 (2022)................................................................................................... 6

*Plyler v. Doe*,
  457 U.S. 202 (1982)................................................................................................... 5

*Printz v. United States*,
  521 U.S. 898 (1997)................................................................................................... 7

*Providence v. Barr*,
  954 F.3d 23 (1st Cir. 2020)..................................................................................... 7, 8

*Republic Techs., NA. LLC v. BBK Tobacco & Foods*, LLP,
  135 F.4th 572 (7th Cir. 2025) .................................................................................. 9

*RTP LLC v. ORIX Real Estate Capital, Inc.*,
  827 F.3d 689 (7th Cir. 2016) .................................................................................... 2

*Russian Media Group, LLC v. Cable America, Inc.*,
  598 F.3d 302 (7th Cir. 2010) .................................................................................... 9

*United States v. Myers*,
  136 F.4th 917 (9th Cir. 2025) ................................................................................... 3

*Virginia Surface Mining & Reclamation Ass'n*,
  452 U.S. 264 (1981)................................................................................................... 7

**Statutes**
1 U.S.C. § 1......................................................................................................................... 3
8 U.S.C. § 1101(a)(33)......................................................................................................... 2
8 U.S.C. § 1601.................................................................................................................... 1
8 U.S.C. § 1601(6) .............................................................................................................. 5
8 U.S.C. § 1621(c) ........................................................................................................... 6, 8
8 U.S.C. § 1622.................................................................................................................... 6
8 U.S.C. § 1623........................................................................................................... 1, 2, 5, 8
8 U.S.C. § 1641.................................................................................................................... 2
15 U.S.C. § 2805.................................................................................................................. 7

**Rules**
Fed. R. Civ. P. 65 ................................................................................................................ 9

**Other Authorities**
Executive Order 14287 ....................................................................................................... 5

**INTRODUCTION**

Defendants do not seriously contest that the challenged laws provide eligibility for postsecondary education benefits to illegal aliens on the basis of residence, without providing the same eligibility to U.S. citizens and nationals without regard to residence. Nor do they contest that, as to an injunction, the United States is irreparably harmed, there is no adequate remedy at law, and the balance of harms and public interest favor the United States. Rather, Defendants continue to assert their misconceived Tenth Amendment defense while extolling irrelevant policy preferences about the benefits of postsecondary education for illegal aliens that are directly at odds with Congress's purpose in passing both the Professional Responsibility and Work Opportunity Reconciliation Act ("PRWORA") and Illegal Immigration Reform and Immigrant Responsibility Act ("IIRAIRA"). *See* 8 U.S.C. § 1601 *et seq*.

The fact of the matter is that Illinois' laws are squarely preempted by Section 1623, and invalid. Defendants' Tenth Amendment argument fails because Section 1623 regulates private parties and does not commandeer the states by issuing direct commands to the legislature or otherwise. Congress has the power to control policy around immigration, and it has done so here. Any incidental effects on Illinois, including limiting its ability to set its own immigration policy and laws, are the natural effect of the Supremacy Clause and not an unconstitutional commandeering of the state and its legislature. Section 1623 is constitutional.

This Court should declare the challenged Illinois laws preempted and invalid, and permanently enjoin their enforcement and the enforcement of any substantially similar laws.

**ARGUMENT**

I.      **The Challenged Illinois Laws Violate 8 U.S.C. § 1623**

The 2003, 2024, Rise, and Dream Acts are preempted by Section 1623 and invalid. Pl.

1

Mot.[1] 11-18. Each law defines when a person shall be considered an Illinois resident for purposes of postsecondary educational benefits. *See id.* (describing laws and citing residency provisions).

In opposition, Defendants argue that if Section 1623 is constitutional, it nonetheless does not preempt Illinois law because—despite the clear statutory language that repeatedly emphasizes residence as the *sine qua non* of eligibility for resident tuition benefits, *see* Pl. Mot. 6-7—"residence" as used in Illinois' statutes is equivalent to "domicile," whereas the Immigration and Nationality Act ("INA") defines residence differently. Ill. Opp.[2] 11-12. This argument fails.

*First*, Defendants' argument that a mismatch exists between the definitions of "residence" under the INA versus under Illinois law attempts to conjure a distinction where one does not exist. The INA defines residence as a person's "principal, actual dwelling place in fact, *without regard to intent.*" 8 U.S.C. § 1101(a)(33) (emphasis added); 8 U.S.C. § 1641 (applying § 1101 to chapter). Defendants assert that the definition applicable to the challenged Illinois laws is "domicile" or "physical presence in a state with intent to remain there." Ill. Op. 11. But domicile is just residence *plus* intent to remain. Accepting *arguendo* Defendants' claim that "domicile" is the relevant concept for an Illinois statute that says "residence," residence in the INA includes physical presence *regardless* of the resident's intent. The INA's definition of residence applies whether the individual intends to depart a state or remain. The distinction Illinois seeks to draw is illusory: residence includes domicile in this context. *See, e.g., RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689, 692 (7th Cir. 2016) (observing that domicile is "a long-term residence").

*Second,* Defendants provide a single hypothetical in support of their claim that the

---

[1] "Pl. Mot." Refers to ECF 26, Plaintiff's Opposition to Defendants' Motion To Dismiss And Cross-Motion For Summary Judgment On All Claims.

[2] "Ill. Opp." Refers to ECF No. 27, "Defendants' Combined Reply In Further Support Of Their Motion to Dismiss and Response in Opposition to Plaintiff's Cross-Motion For Summary Judgment On All Claims."

challenged statutes could provide in-state education benefits without regard to residence. Ill. Opp. 12-13. Defendants argue that a native Illinoisan domiciliary who temporarily resides in another state and applies to school in Illinois would be eligible for benefits without regard to her temporary out of state residence and, therefore, the challenged laws satisfy Section 1623.[3] *Id.* But the hypothetical proves the opposite of what Defendants suppose: the non-resident student's eligibility under the challenged laws for resident tuition benefits hinges upon her *prior* residence, indeed her *birth*, in Illinois. Ill. Opp. 12-13. But Section 1623 is not limited by time: any consideration of residence, past or present, triggers express preemption. Plus, the fact remains that a U.S. citizen student who attended high school in and lives in another state remains ineligible for in-state tuition (and other education benefits) in Illinois because of residence, even as illegal aliens can be eligible for such benefits under the challenged laws. The laws are preempted.

## II.    Section 1623 Is A Constitutionally Valid Preemption Provision

Section 1623 is a valid preemption provision that has been upheld by multiple courts thus far; none has found it unconstitutional. Pl. Mot. 18-20. Since control over immigration is a power of the national sovereign, *Arizona v. United States*, 567 U.S. 387, 395 (2012), any anticommandeering concerns are reduced because the Tenth Amendment's anticommandeering provisions are concerned with the federal government usurping power reserved to the states. Pl. Mot. at 21-22. Defendants' half-hearted suggestion that Section 1623 relates to education, a state concern, rather than immigration, Ill. Opp. 20 n.7, ignores that Congress has the power to regulate

---

[3] Illinois argues that a single, hypothetical counterexample of a nonresident who could be eligible for resident benefits saves the challenged laws from preemption, *see* Ill. Op. 12-13. That reading of Section 1623 is nonsensical and conflicts with the Dictionary Act, which states that generally speaking, the use of the singular in a statute includes the plural. 1 U.S.C. § 1; *United States v. Myers*, 136 F.4th 917, 922 (9th Cir. 2025) ("This long-standing rule of interpretation–the singular includes the plural–'is simply a matter of common sense and everyday linguistic experience.'" (quoting Scalia & Garner, Reading Law: The Interpretation of Legal Texts 130 (2012)).

3

the conditions under which aliens may enter and stay, and Section 1623 relates to the provision of benefits to aliens, not education.

Defendants' defense rests on the assertion that Section 1623 is unconstitutional under the Tenth Amendment because it allegedly does not regulate private parties and issues direct orders to the states. Ill. Opp. 13-14. Illinois' arguments fail.

**A.  Section 1623 confers benefits and restrictions on private parties**

First, Section 1623 regulates private actors both on its face and in effect. Pl. Mot. 26-29. It confers a benefit upon U.S. Citizens in that if illegal aliens are eligible for postsecondary education benefits based upon residence, so are they. *Id.* at 26. It confers a restriction upon illegal aliens in that they cannot be eligible for more post-secondary education benefits based on residence than United States citizens. *Id*. It also restricts any entities that make illegal aliens eligible for postsecondary education benefits on the basis of residence without conferring the same benefit on all U.S. citizens without regard to residence. *Id.* at 28-29.

Defendants argue that Section 1623 does not regulate U.S. citizens because it does not require states to provide benefits to citizens. Ill. Opp. 14. But the question is not whether the statute requires states to provide benefits to U.S. citizens, it is whether Section 1623 provides a benefit to U.S. citizens, and it does—no matter where they live, it puts them on equal eligibility footing with illegal aliens who are eligible for postsecondary education benefits based upon residence within a state. Regardless, Defendants' argument about what must be provided by whom is a strawman because Section 1623 is about *eligibility* for benefits, not the provision of benefits.

Defendants also argue that Section 1623 does not regulate aliens because it does not impose restrictions or confer benefits on them. Ill. Opp. 19. But as explained in the United States' motion, the statute applies to aliens and plainly restricts their eligibility for postsecondary education

4

benefits based upon residence. Pl. Mot. 26. Indeed, the title of the section itself is "Limitations on eligibility for preferential treatment of aliens not lawfully present on the basis of residence for higher education benefits." 8 U.S.C. § 1623. To say Section 1623 does not regulate aliens is to ignore its text and title. Nor do Defendants consider that Title 8, as a whole, regulates aliens. Pl. Mot. 26, citing *New York v. United States Dep't of Justice*, 951 F.3d 84, 114 (2d Cir. 2020).

For the same reason *Plyler v. Doe*, 457 U.S. 202 (1982) does not alter the outcome. *See* ECF 29-1 at 4. Where *Plyler* upheld on equal protection grounds an injunction of a state law excluding illegal alien children from attending public elementary schools to conserve resources, here Section 1623 deals only with *postsecondary* education benefits, does not involve exclusion from enrollment, is aimed at disincentivizing illegal immigration, not at reduction in costs, 8 U.S.C. § 1601(6), and "stop[ping] the enforcement of State and local laws … favoring aliens over any groups of American citizens." Executive Order 14287 of April 28, 2025, *Protecting American Communities From Criminal Aliens*. Further, *Plyler* turned, in part, on the fact that minor children could not be responsible for their immigration status and the court could find no "statement of policy" in the "congressional immigration scheme" to support denial of a basic education. *Id.* at 221-24. (id. at 224). Here, college students are typically adults and Section 1623 is an explicit policy statement by Congress.

Defendants next argue that Section 1623 does not regulate private foundations because the statute is "in the passive voice" and therefore "ambiguous," does not identify "who" is subject to it, and is best read as limited to states and localities. Ill. Opp. 16-18. This argument fails. By using passive voice, Congress focuses the statute on the result and indicates that more than one actor may achieve it. *See, e.g., Narambatla v. DHS*, 770 F. Supp. 3d 1264, 1269 (W.D. Wash. 2025) (construing INA provision in passive voice as encompassing an action by an employer or by the

alien); *Kothapally v. DHS*, 2025 U.S. Dist. LEXIS 193243, *13 (N.D. Ala. Sept. 30. 2025) (same). Thus, by using passive voice in Section 1623, Congress indicated that *who* provides the postsecondary education benefits is not determinative. *See id.* Defendants' elision of *Haaland v. Brackeen*, 599 U.S. 255 (2023) is telling. In *Haaland*, the Court upheld a statute as constitutional despite a Tenth Amendment challenge, because involuntary foster care placement could be initiated by parties *other than* the state and "[e]xamples of private suits are not hard to find[.]" *Id.* at 282. And "[l]egislation that applies 'evenhandedly' to state and private actors does not typically implicate the Tenth Amendment." *Id.* at 283.

Defendants also argue that because all other sections of Subchapter II, of which Section 1623 is a part, are limited to state and local benefits, Section 1623 also must be so limited. Ill. Opp. 17-18. Not so. Section 1621 contains a definitional section for "State or local public benefit." 8 U.S.C. § 1621(c). Each of Sections 1622, 1624, and 1625 explicitly refer to "public" benefits. *See* 8 U.S.C. § 1622 (referring to "State public benefits"); *id.* § 1624 (referring to "cash public assistance"); *id.* § 1625 (referring to "State and local public benefits"). Section 1623 contains no such similar language and thus is not so limited. *Groff v. DeJoy*, 600 U.S. 447, 468 (2023) ("[S]tatutory interpretation must begin with, and ultimately heed, what a statute actually says." (quotations/citations omitted)). Defendants argue the omission is irrelevant and a *public* benefit should be assumed. Ill. Opp. 17-18. But "[t]he people are entitled to rely on the law as written, without fearing that courts might disregard its plain terms based on some extratextual consideration." *Bostock v. Clayton County*, 590 U.S. 644, 673-74 (2020). A "[c]ourt may not replace the actual text with speculation as to Congress' intent. Rather, the [c]ourt will presume more modestly that the legislature says what it means and means what it says." *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 642 (2022) (quotations/citations omitted). Here, the plain text is not

6

limited to public benefits, and in fact, as the United States argued in its motion, it is not difficult to find private foundations awarding scholarships based on residence. Pl. Mot. 28. Defendants' reliance on the Subchapter title is of no help because "[a] title will not, of course, override the plain words of a statute." *Dubin v. United States*, 599 U.S. 110, 121 (2023) (quotations omitted).

In support of their erroneous theory that this Court should ignore the text of Section 1623 and instead focus on neighboring provisions, Defendants rely on inapposite caselaw to make a simple express preemption provision appear to mean something other than what it says. In *Dersch Energies, Inc. v. Shell Oil Co.,* 314 F.3d 846, 856-7 (7th Cir. 2002), the Seventh Circuit found that since the statute explicitly created causes of action in one subsection of a statute, another subsection *of the same statute* that did not explicitly create a cause of action should not be read to create one. *Providence v. Barr*, 954 F.3d 23, 41 (1st Cir. 2020) simply refuses to read into a statute authority that isn't there—but Section 1623 is an *express* preemption statute. *Anatol Zukerman & Charles Krause Reporting, LLC v. USPS,* 220 F. Supp. 3d 27, 31 (D.D.C. 2016) looked to other provisions of the statute, but did not read limitations of one statutory section into another.

### B. Section 1623 does not issue direct orders to the states

Section 1623 does not require jurisdictions to regulate in a particular area by enacting or repealing a particular law. Pl. Mot. 29; *see also Hodel*, 452 U.S.at 288; *New York v. United States*, 505 U.S. 144 (1992); *Murphy,* 584 U.S. 453, 481 (2018). Nor does it require jurisdictions to enforce a federal regulatory scheme, as in *Printz v. United States*, 521 U.S. 898, 933 (1997). Illinois argues that it nonetheless issues a direct order to the states by "instructing them on what they must do if they wish to regulate private actors," Ill. Opp. 24. But *every* United States law that preempts state law necessarily imposes restrictions on states in terms of what they may or may not do. Pl. Mot. 28-29. Such restrictions alone do not raise concerns under *Murphy*. 584 U.S. at 477. *See also*

*Virginia Surface Mining & Reclamation Ass'n*, 452 U.S. 264, 289-290 (1981) (explaining that it "is incorrect" to "assume that the Tenth Amendment limits congressional power to pre-empt or displace state regulation of private activities").

Defendants further assert that caselaw giving states a choice of whether to implement a federal program or yield to it applies only to "cooperative federalism" scenarios or the commerce clause. *Id.* at 25. Indeed, the administration of federal welfare benefits is a cooperative federalism program. Under cooperative federalism, Congress may require state participation as a condition of the state's voluntary choice to participate in a federal program. *See Murphy*, 584 U.S. at 476 (describing precedents upholding such "cooperative federalism" programs).

IIRAIRA and PROWRA fit within that paradigm. Congress could have prohibited states from admitting illegal aliens to universities entirely but instead took the more modest step of preventing discrimination against U.S. Citizens in favor of illegal aliens. 8 U.S.C. § 1623. Similarly, Congress prohibited certain aliens from receiving state and local public benefits but allowed others to receive the same. *Id.* §§ 1621, 1641. Congress even allows states to circumvent certain prohibitions so long as they are done "through enactment of State law." *Id.* § 1621(d). States are free to accept trillions of dollars from the federal government in exchange for accepting certain conditions, including restrictions on the benefits that illegal aliens are eligible for. *Id.* § 1611(a). Illinois took that deal. This Court should make them hold up their end of the bargain.

### III.    The Requested Injunction Is Proper

Defendants do not contest that if the United States prevails on the merits, it is irreparably injured, there is no adequate remedy at law, and the balance of hardships and public interest weigh in the United States' favor. *See* Pl. Mot. 33-36 (addressing injunction factors); Ill. Opp. 25-30 (addressing only the scope of any injunction). Any argument to the contrary is thus waived.

8

*Cincinnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001) (a failure to oppose an argument permits an inference of acquiescence and "acquiescence operates as a waiver.").

Defendants challenge the scope of the requested injunction on two grounds. First, they argue that any injunction this Court orders should not enjoin enforcement of "any laws that are substantially similar in scope." Ill. Opp. 26. They argue "substantially similar" is too vague to comply with the requirements of Fed. R. Civ. P. 65. To the contrary, such language is necessary to prevent Illinois from avoiding the injunction by enacting a new law with minor changes but having the same effect. That such a possibility exists is confirmed by Defendants' own brief which admits that a bill amending the challenged laws has been introduced, Ill. Opp. 11, but which, as written, would have the same effect as the current laws. "[D]istrict courts may craft injunctions that are 'broad enough to be effective, and the appropriate scope of the injunction is left to the district court's sound discretion.'" *Republic Techs., NA. LLC v. BBK Tobacco & Foods*, LLP, 135 F.4th 572, 587 (7th Cir. 2025) (quoting *Russian Media Group, LLC v. Cable America, Inc.*, 598 F.3d 302, 307 (7th Cir. 2010)). And future acts may be enjoined: "[a] federal court has broad power to restrain acts which are of the same type or class as unlawful acts which the court has found to have been committed or whose commission in the future, unless enjoined, may fairly be anticipated from the defendant's conduct in the past." *NLRB v. Express Pub. Co*., 312 U.S. 426, 435 (1941).

Furthermore, the "substantially similar" language is not vague but is the legal standard by which a court evaluates whether a new law moots a prior law. *Fed'n of Advert. Indus. Representatives, Inc. v. City of Chi*., 326 F.3d 924, 930-31 (7th Cir. 2003). Defendants offer no explanation for their double standard that such language is too vague to evaluate the scope of an injunction, but not too vague to determine whether a case is moot. "Substantially similar" is also language used in injunctions in other contexts, such as intellectual property law. *See, e.g., Eli Lilly*

9

*& Co. v. Arla Foods, Inc.*, 893 F.3d 375, 385 (7th Cir. 2018).

For these same reasons this Court can enjoin the enforcement of laws substantially similar to the challenged Illinois laws without issuing an impermissible advisory opinion. Nor would the Court violate the rule that injunctions should be narrowly tailored. Rather, the Court would merely enjoin enforcement of future laws of substantially similar scope if they have the same effect as the challenged laws and are thus preempted by Section 1623. Such an injunction is particularly appropriate here because Section 1623 is narrow in scope to begin with.

Finally, Defendants' arguments that any injunction should not take effect until Fall 2027 or that it should not apply to current students, ignores that the United States is suffering irreparable injury *now*—a fact not contested by Defendants. A future injunction does not solve the current problem of Illinois ignoring federal law. Nor is the outcome alleged by Defendants—that students would have to pay higher rates—predestined by the relief Plaintiff seeks. For example, the Illinois legislature could maintain the current eligibility for illegal aliens and comply with Section 1623 by making U.S. citizens eligible for the same benefits.

Further, a stay pending appeal is inappropriate. Defendants themselves say that by the time this Court has heard the motions in this case, all tuition rates will be locked in for the coming year. Thus, whether the injunction is stayed for 30 days, stayed pending appeal, or not stayed at all, will have no effect on the schools' decisions. The United States will, however, continue to suffer harm in the interim. A stay of any injunction should thus be denied.

## CONCLUSION

Accordingly, the United States requests that this Court grant summary judgment in its favor on all claims, enjoin enforcement of the challenged laws and any substantially similar laws, and deny Defendants' motion to dismiss.

10

Respectfully submitted,

STEVEN D. WEINHOEFT
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF ILLINOIS
NINE EXECUTIVE DRIVE
FAIRVIEW HEIGHTS, ILLINOIS 62208
TEL: (618) 628-3700
FAX: (618) 628-3720
STEVEN.WEINHOEFT@USDOJ.GOV

STANLEY E. WOODWARD, JR.
Associate Attorney General

BRETT A. SHUMATE
Assistant Attorney General

ABHISHEK S. KAMBLI
Deputy Associate Attorney General

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General

SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General

ALESSANDRA FASO
Acting Associate Director

By: /s/ *Alexandra McTague*
ALEXANDRA MCTAGUE
Senior Litigation Counsel
U.S. Department of Justice Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel. 202-718-0483
Fax: 202-305-7000
alexandra.mctague2@usdoj.gov

*Attorneys for the United States of America*

11