**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

UNITED STATES OF AMERICA,

     Plaintiff,

v.

STATE OF ILLINOIS et al.,

     Defendants.

No. 3:25-cv-01691-DWD

Honorable David W. Dugan

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

The federal government says that the recent decision in *United States v. Nebraska*, No. 8:26CV172, 2026 WL 1584862 (D. Neb. June 3, 2026), *appeal filed*, No. 26-2124 (8th Cir.), is relevant to its claims here. In fact, the decision helps to highlight why those claims are prudentially moot. *See* ECF 39 at 403-07.

As the Court knows, many states (from across the political spectrum) have long made undocumented students eligible for in-state tuition. These state laws generally fall into one of two categories: Some, like Minnesota's, do ***not*** refer in the text to students' residence in the state. *United States v. Walz*, No. 25-cv-2668 (KMM/DTS), 2026 WL 851231, at *8 (D. Minn. Mar. 27, 2026), *appeal filed*, No. 26-1886 (8th Cir.). Others, like Nebraska's, ***do*** refer in the text to students' residence in the state. *Nebraska*, 2026 WL 1584862, at *23.

The Illinois laws challenged here used to be like Nebraska's. But now, beginning in the 2027-28 academic year, they will be like Minnesota's. ECF 39 at 399-400 & 402 n.9. To be sure, the federal government thinks the bottom line remains the same. ECF 38 at 344-45. Regardless, as the *Minnesota* and *Nebraska* decisions demonstrate, the arguments for and against preemption are entirely different depending on which type of law is at issue. Indeed, defendants are not

aware of any decision in a contested case finding that a statute like Minnesota's is preempted. *See Martinez v. Regents of the University of California*, 241 P.3d 855 (Cal. 2010).

Defendants proposed to the federal government that it should challenge in this litigation whether the ***new*** Illinois tuition laws (which resemble Minnesota's statute) are preempted under 8 U.S.C. § 1623(a). ECF 39 at 402-03. At least then defendants would have an opportunity to present arguments why the new tuition laws pass muster (an opportunity they haven't had so far). But the federal government declined defendants' proposal and instead wants the Court to decide only whether the ***old*** Illinois tuition laws (which resemble Nebraska's statute) survive. *Id.*

That would impose an unjustified burden on scarce judicial resources: The old Illinois tuition laws apply only through the 2026-27 academic year, and almost all the work has already been done to implement those laws for the final time. ECF 39 at 403-07. Plus, the equities weigh strongly against immediately enjoining what little is left to do. *Id.* at 408. Meanwhile, students and universities are gearing up to begin implementing the ***new*** tuition laws. *Id.* at 402, 407.

And yet, rather than challenging the new laws in this litigation, the federal government is asking the Court to consider a 35-page decision that it thinks is relevant to the ***old*** laws. This approach just doesn't make any sense.

Dated: June 18, 2026                                    Respectfully submitted,

                                                        /s/ Darren Kinkead
                                                        Darren Kinkead
                                                        Aleeza Strubel
                                                        Office of the Illinois Attorney General
                                                        115 South LaSalle Street
                                                        Chicago, IL 60603
                                                        (773) 590-6967
                                                        Darren.Kinkead@ilag.gov