IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 25-cv-1691-DWD |
| | ) | |
| STATE OF ILLINOIS, | ) | |
| JB PRITZKER, | ) | |
| KWAME RAOUL, | ) | |
| BOARD OF TRUSTEES FOR | ) | |
| SOUTHERN ILLINOIS UNIVERSITY, | ) | |
| BOARD OF TRUSTEES OF REND LAKE | ) | |
| COLLEGE, | ) | |
| BOARD OF TRUSTEES OF | ) | |
| UNIVERSITY OF ILLINOIS, | ) | |
| BOARD OF TRUSTEES OF CHICAGO | ) | |
| STATE UNIVERSITY, | ) | |
| BOARD OF TRUSTEES OF EASTERN | ) | |
| ILLINOIS COLLEGE, | ) | |
| BOARD OF TRUSTEES OF ILLINOIS | ) | |
| STATE UNIVERSITY, | ) | |
| BOARD OF TRUSTEES OF | ) | |
| NORTHEASTERN ILLINOIS | ) | |
| UNIVERSITY, | ) | |
| ILLINOIS STUDENT ASSISTANCE | ) | |
| COMMISSION, and | ) | |
| ILLINOIS DREAM FUND COMISSION, | ) | |
| | ) | |
| Defendants. | ) | |

## JUDGMENT IN A CIVIL ACTION

**DUGAN, District Judge:**

    **IT IS ORDERED AND ADJUDGED** that pursuant to the Order entered on July 24, 2026 (Doc. 48), Defendants' Motion to Dismiss (Doc. 18) is **DENIED** and the United States' Cross Motion for Summary Judgment (Doc. 26) is **GRANTED** in **PART** as follows:

    Challenges to the original subsections of the in-state tuition provisions enacted in Public Act 93-0007 (commonly known as the Acevedo Act) and applicable to Illinois public

universities (*see* 110 ILCS 305/7e-5, 520/8d-5, 660/5-88, 665/10-88, 675/20-88, 680/25-88, 670/15-88, 685/30-88, and 690/35-88) are **DISMISSED AS MOOT.**

The Court **DECLARES** that the in-state tuition provisions, as amended by Public Act 103-0876, which are applicable to Illinois public universities (*see* 110 ILCS 305/7e-5, 520/8d-5, 660/5-88, 665/10-88, 675/20-88, 680/25-88, 670/15-88, 685/30-88, and 690/35-88), as applied to aliens who are not lawfully present in the United States, violate the Supremacy Clause and are unconstitutional and invalid.

The Court **DECLARES** that the provision of Public Act 93-0007 (commonly known as the Acevedo Act) codified at 110 ILCS 805/6-4a of the Public Community College Act, as applied to aliens who are not lawfully present in the United States, violates the Supremacy Clause and is unconstitutional and invalid.

The Court **DECLARES** that the Retention of Illinois Students and Equity (RISE) Act and its 2025 amendments (Public Act 101-0021, effective 2020, as amended by Public Act 104-0164, effective January 1, 2026) codified at 110 ILCS 986, as applied to aliens who are not lawfully present in the United States, violates the Supremacy Clause and is unconstitutional and invalid.

The Court **DECLARES** that the Illinois DREAM Act, 110 ILCS 947/67 (establishing the Illinois DREAM Fund Commission), as applied to aliens who are not lawfully present in the United States, violates the Supremacy Clause and is unconstitutional and invalid.

With respect to any alien not lawfully present in the United States, Defendants, their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, are **PERMANENTLY ENJOINED** from enforcing:

1.  The in-state tuition provisions, as amended by Public Act 103-0876, which are applicable to Illinois public universities (*see* 110 ILCS 305/7e-5, 520/8d-5, 660/5-88, 665/10-88, 675/20-88, 680/25-88, 670/15-88, 685/30-88, and 690/35-88);

2.  The provision of Public Act 93-0007 (the Acevedo Act) codified at 110 ILCS 805/6-4a of the Public Community College Act;

3.  The Retention of Illinois Students and Equity (RISE) Act and its 2025 amendments (Public Act 101-0021, effective 2020, as amended by Public Act 104-0164, effective January 1, 2026) codified at 110 ILCS 986; and

4.  The Illinois DREAM Act, 110 ILCS 947/67 (establishing the Illinois DREAM Fund Commission).

The declaration and permanent injunction set forth herein apply only to the provisions specified above in the form in which they are presently in force as of the entry of this Order and specifically do not apply to House Bill 5093/Illinois Public Act 104-0511 which, although signed into law, does not take effect until 2027.

The injunctive relief granted herein is **STAYED** for a period of fourteen (14) days from the date of this Order to permit Defendants to seek a stay pending appeal.

This final judgment is issued pursuant to Federal Rule of Civil Procedure 58(a). Accordingly, this case is closed.

**IT IS SO ORDERED.**

**DATED: July 24, 2026**

**MONICA A. STUMP, Clerk of Court**

**s/Dana Winkeler**
**Deputy Clerk**

**Approved:** _____

**David W. Dugan, U.S. District Judge**